**In the Matter of: WORLDPOINT INTERACTIVE, INC., a Delaware corporation, Debtor,**

**Massimo Fuchs, Appellant,**

**v.**

**Snyder Trust Enterprises; et al., Appellees.**

**No. 07–15630.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Massimo Fuchs, Honolulu, HI, pro se.

Ke–Ching Ning, Esq., Ning Lilly & Jones Ocean View Center, Honolulu, HI, David Edward May, Esq., Law Offices of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellees' motion for a decision on the briefs is denied as moot.

Bruce S. Osterman, John Poppin, Law Offices of John Poppin, San Francisco, CA, for Appellees.

Appeal from the Ninth Circuit Bankruptcy Appellate Panel Brandt, Klein and Montali, Bankruptcy Judges, Presiding. BAP No. HI–06–1115–BKMo.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

## MEMORANDUM **

Massimo Fuchs appeals pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") dismissing for lack of standing his appeal of the bankruptcy court's order approving the settlement of an adversary proceeding brought by the Chapter 7 trustee. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the BAP's conclusions of law. *Wolkowitz v. Shearson Lehman Bros., Inc. (In re Weisberg),* 136 F.3d 655, 657 (9th Cir.1998). We review the bankruptcy court's decision independently. *United States v. Battley (In re Kimura),* 969 F.2d 806, 810 (9th Cir.1992). Without addressing the prudential standing issue, we affirm.

■ Contrary to Fuchs' contention, the trustee had standing to enter into the settlement agreement, which concerned the claims of the debtor, and not any individual claims of Fuchs. *See Smith v. Arthur Andersen LLP,* 421 F.3d 989, 1002–04 (9th Cir.2005) (holding that trustee had standing to assert or settle any claims of bankrupt corporation, but not individual creditors' claims, and acknowledging that some claims affect both the corporation and the creditors but do not thereby become exclusive claims of creditors).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The record provided sufficient information for the bankruptcy court to assess that the settlement agreement was fair and equitable, and, thus, the court did not abuse its discretion by approving the agreement. *See Martin v. Kane (In re A & C Props.),* 784 F.2d 1377, 1382–83 (9th Cir.1986) (holding that the approval of a compromise was not an abuse of discretion where the record contained a factual foundation establishing the compromise was fair and equitable).

■ We are not persuaded by Fuchs' contention that the settlement amounted to an asset sale under *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson),* 292 B.R. 415, 421 (9th Cir.BAP2003), because both parties to the settlement here released claims. *Cf. id.* (concluding that proposed settlement amounted to an asset sale where the estate unilaterally released its claims without receiving anything of value besides the settlement amount).

**AFFIRMED.**